| | | |
|---|---|---|
| **JASON DOYLE, et al.,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LIBERTY MUTUAL INSURANCE,** | : | **No. 19-3460** |
| **Defendant.** | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                           **October 4, 2019**

Jason and Tiffany Doyle sued Liberty Mutual Insurance ("Liberty Mutual"), alleging breach of contract, bad faith, and loss of consortium related to Liberty Mutual's handling of Jason Doyle's claim for underinsured motorist ("UIM") benefits. Liberty Mutual filed this Motion to Dismiss Count II (Bad Faith) of Plaintiffs' Complaint on September 6, 2019. For the reasons that follow, the Court grants the motion to dismiss and grants Plaintiffs leave to file an amended complaint.

## I.    BACKGROUND

On July 17, 2018, Jason Doyle was injured when a vehicle struck him as he crossed the street. (Compl. ¶ 8.) The driver's insurance company, Progressive Insurance, tendered the limits of the driver's policy, $15,000.00, as settlement of Doyle's claim. (Compl. ¶ 18, Ex. "B".) At the time of the accident, Plaintiff held a UIM policy with Liberty Mutual with a $300,000.00 limit. (Compl. ¶ 7, Ex. "A".) Plaintiffs demanded the policy limit and provided Defendant with "the same documentation which supported Progressive Insurance's tender of the full limits of its policy" but Liberty Mutual has not paid Plaintiff's claim. (Compl. ¶ 21.)

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss for "failure to state a claim upon which relief can be granted," the Court must accept as true all factual allegations in the complaint and make all reasonable inferences in favor of the plaintiff.  Fed. R. Civ. P. 12(b)(6); *McDermott v. Clondalkin Group, Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 556 U.S. at 678.

## III.  DISCUSSION

Defendant argues that "Plaintiffs have not alleged any facts sufficient to sustain a cause of action for bad faith."  (Def.'s Mot. To Dismiss ¶ 8.) The Court agrees.  Under Pennsylvania law, to prevail in a bad faith action pursuant to 42 Pa. C.S.A. § 8371, a plaintiff must establish: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l Ins.e Co.*, 170 A.3d 364, 377 (Pa. 2017). "A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). He or she cannot simply state the insurer acted unfairly; the complaint "must describe with specificity what was unfair." *Id.*

Here, Plaintiffs allege that Defendant acted in bad faith by: "failing to evaluate Plaintiff's claim objectively and fairly; failing to complete a prompt and thorough investigation of Plaintiff's claim... [and] unreasonably withholding policy benefits[.]" (Compl. ¶ 34.) Plaintiff's conclusory allegations are not supported by specific facts sufficient to state a plausible claim for relief. Courts

consistently hold that bare-bones allegations of bad faith such as these, without more, are insufficient to survive a motion to dismiss. Indeed, conclusory allegations that an insurer "unreasonably withheld the payment of [UIM] benefits under the policy…failed to engage in good faith negotiations… [and] failed to perform an adequate investigation" are insufficient to state a claim for bad faith. *McDonough v. State Farm Fire and Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019). *See also Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010).

Doyle alleges Liberty Mutual failed to conduct a fair and reasonable investigation into his claim but does not plead any facts related to that investigation. He contends that Liberty Mutual acted unreasonably because it did not pay his claims even when he provided the same information that led Progressive Insurance to tender the limits of its policy. However, "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). Thus, without additional factual allegations, the Court cannot infer bad faith on the part of Liberty Mutual.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is granted. Count II of the Complaint is dismissed. Plaintiffs may file an amended complaint to add a bad faith claim, but only if they can **plausibly** do so. An order consistent with this Memorandum will be docketed separately.